UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CECELIA FRITZ,                                                    3:16-cv-1873-JR

                        Plaintiff,

                                                                 ORDER

        v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

RUSSO, Magistrate Judge:

        Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision

denying plaintiff's application for disability insurance benefits and supplemental security income.

        Plaintiff asserts disability beginning January 1, 2010, due to post traumatic stress disorder

(PTSD), depression, and methylenetetrahydrofolate reductase mutation (MTHFR).  Tr. 226, 230.[1]

_____

        [1]The administrative law judge (ALJ) determined plaintiff's alleged PTSD and MTHFR
are not severe impairments,  Tr. 21, and plaintiff has not challenged this finding.  The ALJ found
plaintiff has severe impairments resulting from anxiety and depression.  Tr. 20.

After a hearing, the ALJ determined plaintiff was not disabled. Plaintiff asserts the ALJ erred in rejecting both plaintiff's testimony and the opinion of a nurse practitioner in making his determination.

A.    Plaintiff's Testimony

Plaintiff contends the ALJ failed to provide clear and convincing reasons for rejecting plaintiff's credibility regarding the effects of her impairments.

Plaintiff testified her depression and anxiety keep her from working because she is "overwhelmed all the time, and nervous, and afraid, and ... feel[s] like leaving." Tr. 48. Plaintiff further stated she feels "people are watching [her], and [she has] to leave, and it's a cycle where [she ends] up feeling sick, and [she misses] work." Tr. 65. Plaintiff also testified that she would be off task 20 - 30 percent of the time if she worked and would also miss work more than two days a month. Tr. 65-66.

The ALJ found plaintiff's testimony regarding the extent of her limitations not credible. The ALJ determined: (1) the medical evidence did not support disabling mental symptoms or the degree of functional limitations asserted; (2) plaintiff's treatment history indicated a higher degree of functioning; (3) plaintiff's activities of daily living discounted some of the allegations; and (4) plaintiff's sporadic work history also discounted plaintiff's credibility. Tr. 24

The ALJ specifically noted a lack of significant mental health treatment from October 2010 through February 2013, which coincided with reports of significant improvement on medication beginning in 2010. Tr. 24, 336-7. The ALJ also noted the record contains sparse medical evidence of mental difficulties since 2013, combined with controlled symptoms with medication. Tr. 24-25. Moreover, the ALJ found plaintiff had not seen a psychiatrist for symptom evaluation or medication

management at any time since her alleged onset date.  Tr. 25.  A contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony, [Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995),](#) as is a lengthy treatment gap just a few months after her alleged onset date.  See [Marsh v. Colvin, 792 F.3d 1170, 1173,](#) note 2 (9th Cir. 2015) (gaps in treatment is a specific, clear, and convincing reason for rejecting symptom severity).  I find the ALJ's interpretation of the record to be reasonable.

The ALJ also specifically noted a sporadic work history prior to plaintiff's alleged onset date.  Tr. 26, 209-13, 245-53.  Limited work history is a clear and convincing reason for rejecting subjective symptom allegations.  See [Marsh, 792 F.3d at 1173, n.2.](#)  Plaintiff asserts the ALJ ignores medical opinion that plaintiff's work history is itself a product of her mental instability.  However, the ALJ rejected that opinion, tr. 27, and plaintiff does not assert such rejection was error.  The ALJ did not err in rejecting plaintiff's statements of disabling symptoms to the extent alleged.

B.    Nurse Jacqueline Beckwith

Plaintiff argues the ALJ did not offer cogent, germane reasons for rejecting the opinion of Nurse Practitioner Beckwith.[2]

Nurse Beckwith opined plaintiff's physical symptoms of joint pain, muscle and general fatigue, and postural limitations along with her mental symptoms make her incapable of performing even low stress jobs.  Tr. 544, 545, 547, 548.  Nurse Beckwith further opined that plaintiff's symptoms would interfere with attention and concentration very frequently and would result in

---

[2]At the time of the decision, nurse practitioners were considered "other medical sources" whose opinions can be discounted for germane reasons.  SSR 06-03p; [Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).](#)

missed work about three times a month.  Tr. 545, 548.  In addition, Nurse Beckwith opined that plaintiff must avoid all exposure to fumes, odors, dust, gases, and poor ventilation.  Tr. 548.

The ALJ rejected this assessment because the medical record did not support a finding of physical impairments that are more than minimally limiting or the postural and environmental limitations assessed.  Tr. 27.  The ALJ also found the opinion inconsistent with the credited opinion of acceptable medical sources, noting that Nurse Beckwith is not a mental health professional.  Tr. 27.  Finally, the ALJ determined that the nurse relied on plaintiff's subjective complaints which the ALJ rejected.  Tr. 27.  The ALJ's findings are a reasonable interpretation of the record and provide germane reasons to discount Nurse Beckwith's opinion.

Plaintiff also argues the ALJ erred by failing to address all the factors listed in SSR 06-03p.  However:

> the ruling imposes no obligation upon an ALJ to address each and every factor in the determination or decision. Rather, SSR 06–03p specifically provides that not every factor will apply in every case and clarifies that the adjudicator should provide enough explanation for the claimant and a subsequent reviewer to understand the adjudicator's reasoning. [ 71 Fed.Reg. at 45,596] ("Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequence reviewer to follow the adjudicator's reasoning, when such opinion may have an effect on the outcome of the case.").

Dew v. Comm'r of Soc. Sec., 2010 WL 3033779 at *19 (D. Minn. July 9, 2010).

The ALJ did not err in discounting Nurse Beckwith's opinion.

## **CONCLUSION**

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed

and this case is dismissed.

DATED this 20th day of December 2017.

 s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge